# UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| Brian Sadler )<br>　　*Plaintiff* )<br> )<br>v. )<br> )<br>Ocwen Loan Servicing, LLC )<br>　　*Defendant* )<br>Serve: )<br>　　Corporation Service Company )<br>　　251 Little Falls Drive )<br>　　Wilmington, DE 19808 )<br> )<br>Select Portfolio Servicing, Inc. )<br>　　*Defendant* )<br>Serve: )<br>　　Corporation Service Company )<br>　　421 West Main Street )<br>　　Frankfort, KY 40601 )<br>　　　　　　　　　　　　　　 ) | Case No.　3:20CV-147-JRW |

## VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.　This is an action by Plaintiff Brian Sadler as a consumer against Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, which was enacted to assure the accuracy and integrity of the consumer credit reports.

### PARTIES

2.　Plaintiff Brian Sadler is a natural person who resides in Hardin County, Kentucky. Mr. Sadler is a "person" within the meaning of the KCPA as defined at KRS 367.110(1).

3.　Defendant Ocwen Loan Servicing, LLC ("Ocwen") is a foreign limited liability company not registered with the Kentucky Secretary of State whose principal place of business located at 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409. Ocwen is a loan servicer and a furnisher and user of credit information within the meaning of the FCRA.

4. Defendant Select Portfolio Servicing, Inc. ("SPS") is a foreign corporation registered with the Kentucky Secretary of State with SPS's principal place of business located at 3217 S. Decker Lake Dr., Salt Lake City, UT 84119. SPS is a loan servicer and a furnisher and user of credit information within the meaning of the FCRA.

## STATEMENT OF FACTS

5. On August 17, 2013, Plaintiff Brian Sadler ("Sadler") filed a Chapter 13 bankruptcy petition in the Western District of Kentucky Bankruptcy Court in Case No. 13-33173-thf (the "Sadler Bankruptcy").

6. At the time of the filing of the petition in the Sadler Bankruptcy, HSBC Bank USA, N.A. ("HSBC") held the first mortgage on Mr. Sadler's home, which was serviced by Defendant Ocwen Loan Servicing, LLC ("Ocwen").

7. And at the time of filing of the petition in the Sadler Bankruptcy, HSBC Mortgage Services, Inc. ("HSBC MSI") held a second mortgage on Mr. Sadler's home.

8. Both Ocwen and HSBC MSI filed proofs of claim in the Sadler Bankruptcy.

9. Mr. Sadler's Chapter 13 plan in the Sadler Bankruptcy provided for the HSBC and HSBC MSI mortgages by paying loan arrearages through the plan and making loan payments to Ocwen and HSBC MSI directly. The Bankruptcy Court confirmed Mr. Sadler's Chapter 13 plan in the Sadler Bankruptcy.

10. On February 20, 2014, the Bankruptcy Court amended the Order of Confirmation to provide for **(i)** payment of prepetition arrearages of $4,790.00 to be paid to Ocwen inside the plan and regular loan payments to be paid by Mr. Sadler directly outside of the plan to Ocwen; and **(ii)** payment of prepetition arrearages of $288.26 to be paid to HSBC MSI inside the plan and regular loan payments to be paid by Mr. Sadler directly outside of the plan to HSBC MSI.

11. On May 5, 2017, HSBC MSI transferred its claim to Wilmington Savings Fund Society, FSB ("Wilmington"). SPS was the servicer of the Wilmington second mortgage.

12. On December 22, 2017, HSBC moved for relief from the automatic stay in the Sadler Bankruptcy.

13. On May 7, 2018, the Bankruptcy Court entered an order granting HSBC's motion for relief, which for all intents and purposes was an involuntary surrender of the underlying property.

14. "[HSBC's] successful Stay Relief Motion premised on Debtor's post-confirmation default of his obligation to maintain regular payments pursuant to § 1322(b)(5) removed" Ocwen's and Wilmington's claims and mortgages as "long-term debt[s] from [Mr. Sadler's] chapter 13 case." *In re Sharak*, 571 B.R. 13, 20 (Bankr. N.D.N.Y. 2017).

15. On August 30, 2018, HSBC filed an *in rem* action in the Meade Circuit Court, Case No. 18-CI-00271, to foreclose its mortgage (the "In Rem Foreclosure"), which included crossclaims against HSBC MSI.

16. On November 26, 2018 (about three months after HSBC filed the In Rem Foreclosure action), the Bankruptcy Court issued a discharge in the Sadler Bankruptcy.

17. Because HSBC moved for and was granted a relief from the automatic stay, the discharge discharged Mr. Sadler's personal debt to both HSBC (Ocwen) and Wilmington (SPS).

18. After the discharge was entered, HSBC did not amend its complaint in the In Rem Foreclosure to include personal claims against Mr. Sadler.

19. In April 2019, Mr. Sadler sold his home. The HSBC and SPS mortgage liens were paid off in full out of the sale proceeds.

20. Having completed the bankruptcy, Mr. Sadler was anxious to get on with a fresh economic start.

21. Mr. Sadler began his post-bankruptcy journey by reviewing his credit reports. To his dismay, he discovered several items that were being reported incorrectly, including tradelines furnished by Defendants Ocwen and SPS.

22. Ocwen was falsely reporting to Experian Information Solutions, Inc. ("Experian") the following information in connection with HSBC's discharged first mortgage on Mr. Sadler's former home:



23. SPS was falsely reporting to Experian the following information in connection with Wilmington's discharged first mortgage on Mr. Sadler's former home:



24. On November 19, 2019, Mr. Sadler sent a written dispute letter disputing several tradelines on his consumer credit report, including the tradelines furnished by Ocwen and SPS.

25. Upon receipt of Mr. Sadler's written dispute, Experian had an affirmative duty under 15 U.S.C. § 1681i(a)(2) to send Ocwen and SPS prompt notice of Mr. Sadler's dispute within five (5) business days of receiving the dispute.

26. Experian complied with its statutory duty and sent Ocwen and SPS prompt notice of Mr. Sadler's disputes.

27. Upon receiving Mr. Sadler's disputes from Experian, Ocwen and SPS each had an affirmative duty under 15 U.S.C. § 1681s-2(b) to investigate the substance and merits of Mr. Sadler's disputes concerning the accuracy of the credit information Ocwen and SPS was furnishing concerning the discharged mortgage debt.

28. Ocwen and SPS each failed to conduct a reasonable investigation into Mr. Sadler's disputes concerning the negative credit information Ocwen and SPS was furnishing to Experian concerning the discharged mortgage debt.

29.     Ocwen falsely verified the accuracy of the disputed negative credit information concerning Mr. Sadler and the HSBC mortgage debt. In particular, post dispute Ocwen substantially verified the credit information concerning the HSBC mortgage debt as follows:

**After dispute**

OCWEN LOAN SERVICING Partial Acct # 8023... 1661 WORTHINGTON RD STE 100 WEST PALM BEACH FL 33409 (800) 746-2936

| | |
|---|---|
| Date opened | May 2006 |
| Address ID # | 0623383877 |
| Type | Mortgage |
| Responsibility | Joint with [redacted] |
| First reported | Aug 2013 |
| Terms | 31 Years |
| Monthly payment | Not reported |
| Credit limit or original amount | $110,080 |
| High balance | Not reported |
| Recent balance | Not reported |
| Status | Paid, Closed. |
| Comment | Account previously in dispute - investigation complete, reported by data furnisher |
| Comment | Foreclosure proceedings started. This item was updated from our processing of your dispute in Nov 2019. |
| Date of Status | Apr 2019 |

**Payment history**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2019 | 180 | 180 | 180 | FS | | | | | | | | |
| 2018 | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | 180 | 180 |
| 2017 | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| 2016 | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| 2015 | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| 2014 | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| 2013 | | | | | | | | | OK | OK | ND | ND | ND |

**Account History** * (AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

| | Feb19 | Jan19 | Dec18 | Nov18 | Oct18 | Sep18 | Aug18 | Jul18 | Jun18 | May18 | Apr18 | Feb18 | Jan18 | Dec17 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AB ($) | 122,310 | 122,923 | 122,520 | 120,520 | 120,310 | 117,260 | 116,437 | 114,724 | 112,831 | 116,263 | 102,714 | 102,714 | 102,431 | 102,714 |
| DPR | Jun02 | Jun02 | Jun02 | Jun02 | Jun02 | Jun02 | Jun02 | Jun02 | Jun02 | Jun02 | Feb23 | Feb23 | Jan09 | Nov06 |
| SPA ($) | 999 | 999 | 999 | 999 | 999 | 999 | 999 | 999 | 999 | 999 | 783 | 1,124 | 1,123 | 1,123 |
| AAP ($) | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | 783 | 4,224 | 29,858 | 1,010 | 312 |

30.     The above credit information is false, defamatory, and adversely affects Mr. Sadler's credit, credit score, and ability to obtain credit.

31.     Mr. Sadler filed his Chapter 13 petition in the Sadler Bankruptcy on August 17, 2013. The Bankruptcy Court entered the discharge in his case on November 26, 2018. The discharge discharged the HSBC debt.

32.     The payment and account history are both wrong. From November 2018 forward, Mr. Sadler had no personal liability on the note secured by the HSBC mortgage.

33.     The Ocwen tradeline for the HSBC mortgage should be reporting with a $0.00 balance as of November 2018. The payment history should be reporting as discharged in bankruptcy as of November 2018. Further, noting a FS (foreclosure) in April 2019 is categorically wrong and erroneous. At no time did HSBC amend the foreclosure complaint to include individual claims against Mr. Sadler. So, the note underlying the HSBC mortgage was never in foreclosure.

34.     SPS falsely verified the accuracy of the disputed negative credit information concerning Mr. Sadler and the Wilmington mortgage debt. In particular, post dispute SPS substantially verified the credit information concerning the Wilmington mortgage debt as follows:

**After dispute**



35. The above credit information is false, defamatory, and adversely affecting Mr. Sadler's credit, credit score, and ability to obtain credit.

36. Mr. Sadler filed his Chapter 13 petition in the Sadler Bankruptcy on August 17, 2013. The Bankruptcy Court entered the discharge in his case on November 26, 2018. The discharge discharged the SPS debt.

37. The above payment history is wrong. From November 2018 forward, Mr. Sadler had no personal liability on the note secured by the Wilmington mortgage.

38. The SPS tradeline for the Wilmington mortgage should be reporting a payment history that shows that the debt underlying the Wilmington mortgage was discharged in bankruptcy as of November 2018.

39. Ocwen and SPS's failure to correct and update Mr. Sadler's consumer credit report has adversely affected Mr. Sadler by allowing false, negative credit information to appear on her consumer credit report, which negatively impacts Mr. Sadler's creditworthiness and credit score and has caused him to be denied credit and has caused him a great deal of anxiety, frustration, and mental upset.

**CLAIMS FOR RELIEF**

I. **Claims against Ocwen Loan Servicing, LLC**

40. The foregoing acts and omissions of Defendant Ocwen Loan Servicing, LLC ("Ocwen") constitute violations of the FCRA.

41. After being informed by Experian that Mr. Sadler disputed the accuracy of the information it was providing concerning Mr. Sadler, Ocwen willfully failed to conduct a proper investigation of Mr. Sadler's disputes, filed with Experian, that Ocwen was furnishing false and inaccurate credit information about Mr. Sadler and the HSBC mortgage.

42. Ocwen willfully failed to review all relevant information purportedly provided by

one or more consumer reporting agency to Ocwen in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

43.     Ocwen willfully failed to direct the Experian to delete inaccurate information about Mr. Sadler pertaining to the HSBC as required by 15 U.S.C. § 1681s-2(b)(C). In particular, Ocwen continued to falsely report negative credit information about the HSBC bankruptcy for November 2018 through April 2019. HSBC falsely and inaccurately reported a negative payment history on the discharged HSBC mortgage during this time period. Further, Ocwen falsely and inaccurately noted that the loan was in foreclosure where the *in rem* foreclosure complaint was never amended to include a personal claim against Mr. Sadler.

44.     Mr. Sadler has a private right of action to assert claims against Ocwen arising under 15 U.S.C. § 1681s-2(b).

45.     Ocwen is liable to Mr. Sadler for the actual damages he has sustained by reason of its willful violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

46.     In the alternative, Ocwen's conduct, actions and inactions were negligent rendering Ocwen liable to Mr. Sadler under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

**II.     Claims against Select Portfolio Servicing, Inc.**

47.     The foregoing acts and omissions of Defendant Select Portfolio Servicing, Inc. ("SPS") constitute violations of the FCRA.

48.     After being informed by Experian that Mr. Sadler disputed the accuracy of the information it was providing concerning Mr. Sadler, SPS willfully failed to conduct a proper investigation of Mr. Sadler's disputes, filed with Experian, that SPS was furnishing false and inaccurate credit information about Mr. Sadler and the Wilmington mortgage.

49.     SPS willfully failed to review all relevant information purportedly provided by one or more consumer reporting agency to SPS in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

50.     SPS willfully failed to direct the Experian to delete inaccurate information about Mr. Sadler pertaining to the Wilmington as required by 15 U.S.C. § 1681s-2(b)(C). In particular, SPS continued to falsely report negative credit information about the Wilmington bankruptcy for

November 2018 through April 2019. Wilmington falsely and inaccurately reported a negative payment history on the discharged Wilmington mortgage during this time period.

51. Mr. Sadler has a private right of action to assert claims against SPS arising under 15 U.S.C. § 1681s-2(b).

52. SPS is liable to Mr. Sadler for the actual damages he has sustained by reason of its willful violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

53. In the alternative, SPS's conduct, actions and inactions were negligent rendering SPS liable to Mr. Sadler under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Brian Sadler requests that the Court grant him the following relief:

1. Award Plaintiff maximum statutory damages;

2. Award Plaintiff his actual damages;

3. Award Plaintiff punitive damages;

4. Award Plaintiff her reasonable attorney's fees and costs;

5. A trial by jury; and

6. Such other relief as may be just and proper.

Submitted by:

/s/ James H. Lawson
James H. Lawson, KBA 86930
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:   (502) 473-6525
james@kyconsumerlaw.com

## VERIFICATION

Plaintiff Brian Sadler declares as follows:

1. I am the Plaintiff if the present case.

2. I reside in Hardin County, KY.

3. I have personal knowledge of myself and my activities, including those set forth in this Verified Complaint. If called upon to testify, I could and would testify competently and truthfully as to the matters stated in this Verified Complaint.

4. I verify and affirm under the penalty of perjury under the laws of the United States of America and the Commonwealth of Kentucky that the factual averments in this Verified Complaint concerning myself and my activities are true and correct. 28 U.S.C. § 1746.

Executed on _February 21_, 2020

_____
Brian Sadler
*Plaintiff*